IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00879–KMT

ANDREY KOLESNIKOV,

    Plaintiff,

v.

OFFICER BENJAMIN AUSTIN, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
OFFICER BRIAN KLAUS, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
CORPORAL JOHN BLEA, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
OFFICER DAN SWINT, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
OFFICER JOHN DOE, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
DENVER POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City and County of Denver, in its capacity as a governmental entity, the employee and/or supervisor of Officer Ben Austin, Officer Brian Klaus, Corporal John Blea, Officer Dan Swint, Officer John Doe, and
CITY AND COUNTY OF DENVER, in its capacity as a governmental entity and/or as the employer of Officer Ben Austin, Officer Brian Klaus, Corporal John Blea, Officer Dan Swint, Officer John Doe, and the Denver Police Department,

    Defendants.

---

## ORDER

---

This case involves claims that Defendants violated Plaintiff's constitutional rights and Colorado law. This matter is before the court on Defendants' "Motion to Dismiss" (Doc. No. 8 [Mot.], filed March 27, 2014). Plaintiff filed his response on April 30, 2014 (Doc. No. 18

[Resp.]), and Defendants filed their reply on May 13, 2014 (Doc. No. 19 [Reply]). This motion is ripe for ruling.

## STATEMENT OF THE CASE

Plaintiff's Complaint is not a model of clarity. Plaintiff alleges on February 20, 2012, Defendants Austin and Klaus responded to a call at a Walgreens store. (Doc. No. 2 [Compl.], ¶ 12.) Plaintiff states the officers found him lying on the ground being attended by medical responders and that "he was under arrest at this time due to a DUI offense and Car Accident prior to him on the ground at Walgreens." (*Id.*) In the next paragraph, Plaintiff states he was being treated for a head injury related to a fall inside Walgreens.[1] (*Id.* at 13.) Plaintiff states he was transported by ambulance to Denver Health Medical Center and then released to the custody of Defendant Officer Blea. (*Id.*, ¶ 13.) Plaintiff alleges at the hospital he was handcuffed to a gurney. (*Id.*, ¶ 14.) Plaintiff alleges he could not feel his left hand because the handcuffs were too tight, but when he asked an unnamed officer to loosen the cuffs, the officer refused and told Plaintiff he was "going down." (*Id.*) Plaintiff alleges he started yelling for help, and the officer wheeled Plaintiff down the hall into a maintenance/storage closet, where Plaintiff was left for six hours. (*Id.*) After he was removed from the closet, Plaintiff was driven to the Denver Detention Center and then released from custody. (*Id.*)

Plaintiff alleges thirteen days later, the Denver Police found him in his home with severe swelling, blistering, and bruising on his left arm. (*Id.*, ¶ 15.) Plaintiff states he was taken to Denver Health Medical Center, where he was diagnosed with compartment syndrome, and

---

[1] Plaintiff asserts no facts to explain when his auto accident occurred in relation to his fall in the Walgreens store.

fasciotomies were performed on his forearm and hand.  (*Id.*)  Plaintiff alleges he has had sixteen surgeries and has lost the ability to use his left hand.  (*Id.*)

Plaintiff asserts five claims for relief.  In his First Claim for Relief, Plaintiff claims Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights.  (*Id.*, ¶¶ 20-24.)  Specifically, Plaintiff alleges the defendants violated his right to be free from unreasonable search and seizure, his right not to be deprived of liberty property without due process, his right to be free from excessive force, his right to be free from false arrest, and his right to just compensation for taking of property.  (*Id.*, ¶ 21.)  In his Second and Third Claims for Relief, Plaintiff alleges Defendants Blea, Swint, Austin, Klaus, and the City and County of Denver (the "City") adopted and implemented careless and reckless policies, customs, and practices in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights.  (*Id.*, ¶¶ 25-32.)  In his Fourth Claim for Relief, Plaintiff alleges the defendants falsely imprisoned him.  (*Id.*, ¶¶ 37-42.)  In his Fifth Claim for Relief, Plaintiff alleges Defendant City is liable for the actions of all of the defendants under the theory of *respondeat superior*.  (*Id.*, ¶¶ 43-44.)  Plaintiff seeks declaratory and injunctive relief and compensatory and punitive damages.  (*Id.* at 7.)

Defendants move to dismiss Plaintiff's Amended Complaint on the bases that (1) the defendants are entitled to qualified immunity in their individual capacities; (2) Plaintiff fails to allege any facts in support of municipal liability; (3) the claims against the defendants in their official capacities are duplicative of the claims against Defendant City; (4) the Denver Police Department is not a separate entity subject to suit; (5) this Court lacks jurisdiction over the state law claims; (5) Plaintiff's state law claims must be dismissed for Plaintiff's failure to allege willful and wanton conduct; (6) Plaintiff's state law claim against the defendant police officers is

barred by the statute of limitations; and (7) Plaintiff's state law claim against Defendant City should be dismissed because there is no applicable waiver of governmental immunity. (*See* Mot.)

## STANDARD OF REVIEW

### *1.    Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *See Basso*, 495 F.2d at 909. The dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (noting that dismissals for lack of jurisdiction should be without prejudice because a dismissal with prejudice is a disposition on the merits which a court lacking jurisdiction may not render).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however,

the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id*.

### 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not

entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1. *Claims Against Individual Defendants in Their Official Capacities*

Plaintiff sues the individual police officer defendants in their official and individual capacities. (*See* Compl. at 1.) Defendants argue that the claims asserted against the individual police officer defendants are duplicative of the claims against the City. (Mot. at 8.)

6

Plaintiff's constitutional claims against the defendants in their official capacities are treated as claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (stating that an official capacity suit is "another way of pleading an action against an entity of which an officer is an agent"); *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998). Because the City is a named defendant, the official capacity claims against the individual police officer defendants are duplicative and are dismissed with prejudice.

### 2. *Claims Asserted Against the Denver Police Department*

Plaintiff asserts claims against the Denver Police Department as well as the City and County of Denver.

The Denver Police Department is not a separate entity that may be sued. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (stating that the "City of Denver Police Department" is not a separate suable entity, but retaining the City and County of Denver as a defendant in the case); *see also Renalde v. City & Cnty. of Denver*, 807 F. Supp. 668, 675 (D. Colo. 1992) ("A police department is not a suable entity.") (citing *Boren v. City of Colo. Springs*, 624 F. Supp. 474, 479 (D. Colo.1985)). As such, the claims against the Denver Police Department are dismissed with prejudice.

### 3. *Claims Against the Defendants in Their Individual Capacities*

Defendants, in their individual capacities, raise the defense of qualified immunity to Plaintiff's claims. Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). To overcome the defendants' claim of qualified immunity, the plaintiff must establish that the defendants' actions violated the plaintiff's constitutional or statutory right and that the right at issue was clearly established at the

time of the defendants' alleged unlawful conduct. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "[C]ourts have discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064, 1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

Defendants argue that Plaintiff has failed to allege that any of the defendants personally participated in the alleged constitutional violations. "Individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)); *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a Section 1983 claim." (citations omitted)). A defendant was personally involved in an alleged constitutional violation only if there is an "affirmative link" between his or her conduct and the described violation. *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001). Because of the "affirmative link" requirement, a defendant in a position of general supervisory authority cannot be held vicariously liable for constitutional violations committed by his or her subordinates. *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability." (citing *Rizzo v. Goode*, 423 U.S. 362, 376 (1976))); *Ruark v.*

*Solano*, 928 F.2d 947, 950 (10th Cir. 1991) (" '[T]here is no concept of strict supervisor liability under section 1983.' " (citation omitted)).

The only allegations regarding any of the specific defendants in Plaintiff's Complaint are that Defendants Austin and Klaus "responded to a call at Walgreen's [sic]" on February 20, 2012 and that, upon Plaintiff's arrival by ambulance at Denver Health Medical Center, he was "released into the custody of Corporal John Blea." (Compl., ¶¶ 12-13.) The allegations regarding Plaintiff being wheeled into a maintenance/storage closet and left for six hours are directed at an unnamed officer. (*See* Compl., ¶ 14.) In his response, Plaintiff concedes that he "does not allege any personal participation by each of the individual defendant's [sic] because it is unknown at this time, [sic] which defendant, if not all, participated in violation of Plaintiff's constitutional rights." (Resp. at 5.)

Plaintiff has failed to allege any action taken by any of the individual defendants that violated his Fourth, Fifth, or Fourteenth Amendment rights. To the extent Plaintiff asserts in his response that he intends to conduct discovery to determine how each defendant participated in the alleged constitutional violations (*see* Resp. at 2), *Iqbal* and *Twombly* "disallow such a practice by placing the burden of factual sufficiency in pleadings on plaintiffs." *Shihadeh v. Smeal*, CIV.A. 10-05674, 2001 WL 1743398, at *3 (E.D. Pa. May 6, 2011). As explained by another court,

> [g]iven that Plaintiff expressly states he needs discovery to determine whether he has a claim, the allegations in [the Complaint] are "not enough to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pre-suit investigation by Plaintiff's counsel should have revealed whether Plaintiff could allege these facts. Fed. R. Civ. P. 11(b) (requiring "an inquiry reasonable under the circumstances" by counsel before making representations to a court). Discovery is not an appropriate cure for this pleading defect. "Discovery is authorized solely for parties to develop the facts in a

> lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (finding plaintiffs should not be allowed to take discovery to determine if they could amend the complaint to state a cognizable claim); *see also Liles v. Stuart Weitzman, LLC*, Case No. 09–61448–CIV, 2010 WL 1839229, at *5 (S.D. Fla. May 6, 2010) ("The Court will not permit discovery of Plaintiff's prior employment records for the purpose of seeking to find some evidence of wrongful conduct by Plaintiff.").

*Goldin v. Boce Group, L.C.*, 773 F. Supp. 2d 1376, 1381 (S.D. Fla. 2011). As such, Plaintiff's claims against the individual defendants are dismissed for Plaintiff's failure to allege their personal participation in any of the alleged constitutional violations. Therefore, because Plaintiff has not established that the individual defendants violated Plaintiff's constitutional or statutory rights, Defendants Austin, Klaus, Blea, and Swint, are entitled to qualified immunity on the claims asserted against them in their individual capacities.

### 4. *Municipal Liability Claims Against the City*

In light of Plaintiff's failure to properly allege constitutional violations on the part of the individual defendants, the court also must dismiss without prejudice Plaintiff's claims against Defendant City and County of Denver. *See Estate of Larsen ex. Rel Sturdivan v. Murr*, 511 F.3d 1255, 1264 (10th Cir. 2008) ("without the predicate constitutional harm inflicted by an officer, no municipal liability exists") (citation omitted); *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004) (same) (citation omitted). *Cf. Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) ("We will not hold a municipality liable [for constitutional violations] when there was no underlying constitutional violation by any of its officers.") (internal quotation marks and citation omitted); *Ricciuti v. New York City Transit Authority*, 124 F.3d 123, 132 (2d Cir. 1997) ("a claim of inadequate training and supervision under § 1983 cannot be made out

against a supervisory body without a finding of a constitutional violation by the persons supervised") (citation omitted); *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996) ("a municipality may not be held liable where there was no underlying constitutional violation by any of its officers.").

Accordingly, Plaintiff's claims against the City are dismissed without prejudice.

### 5. *State Law Claims*

In his response, Plaintiff agrees to dismiss his state law claims. Therefore, Plaintiff's Fourth and Fifth claims are dismissed with prejudice.

### 6. *Claims Against John Doe*

Lastly, it appears Plaintiff has not attempted to identify and serve process on the party sued as "Officer John Doe." This case was removed to this Court on March 26, 2014, and originally filed in Denver District Court on February 17, 2014. Plaintiff is well outside the 120 day limit for identifying and serving the "John Doe" defendant imposed by Fed. R. Civ. P. 4(m). Therefore, the court will order Plaintiff to show cause why the claims against the John Doe Defendant should not be dismissed without prejudice pursuant to Rule 4(m).

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that Defendants' "Motion to Dismiss" (Doc. No. 8) is **GRANTED**. The claims against Defendants Austin, Klaus, Blea, Swint, and the Denver Police Department are dismissed with prejudice. The claims against Defendant City and County of Denver are dismissed without prejudice. It is further

**ORDERED** that, on or before **October 17, 2014**, Plaintiff shall show cause in writing why his claims against the John Doe Defendant should not be dismissed pursuant to Fed. R. Civ.

P. 4(m).  If Plaintiff fails to respond to the Order to Show Cause, Plaintiff's claims against the John Doe Defendant will be dismissed without prejudice, and judgment will enter against Plaintiff and in favor of Defendants on all claims asserted in this action.

Dated this 10th day of October, 2014.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge