IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00879–KMT

ANDREY KOLESNIKOV,

    Plaintiff,

v.

OFFICER BENJAMIN AUSTIN, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
OFFICER BRIAN KLAUS, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
CORPORAL JOHN BLEA, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
OFFICER DAN SWINT, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
OFFICER JOHN DOE, individually and in his capacity as a paid peace office and as an employee and/or agent of the Denver Police Department and the City of Denver,
DENVER POLICE DEPARTMENT, in its capacity as an agent and/or independent contractor of the City and County of Denver, in its capacity as a governmental entity, the employee and/or supervisor of Officer Ben Austin, Officer Brian Klaus, Corporal John Blea, Officer Dan Swint, Officer John Doe, and
CITY AND COUNTY OF DENVER, in its capacity as a governmental entity and/or as the employer of Officer Ben Austin, Officer Brian Klaus, Corporal John Blea, Officer Dan Swint, Officer John Doe, and the Denver Police Department,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's failure to serve Defendant John Doe with the summons and complaint in this matter.

    Pursuant to Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

This case was removed to this Court on March 26, 2014, and originally filed in Denver District Court on February 17, 2014.  On October 10, 2014, this court ordered Plaintiff to show cause in writing on or before October 17, 2014, why his claims against the John Doe Defendant should not be dismissed pursuant to Fed. R. Civ. P. 4(m).  (Doc. No. 22 at 11-12.)  On October 17, 2014, Plaintiff responded to the order to show cause and requested additional time to serve Defendant John Doe.  (Doc. No. 23.)  This court discharged the order to show cause and granted Plaintiff an extension to November 18, 2014, to serve Defendant John Doe with the summons and complaint.  (Doc. No. 24.)  This court also ordered Plaintiff to file a return of service by November 25, 2014, or his claims against Defendant John Doe would be dismissed without prejudice and judgment would enter against Plaintiff and in favor of Defendants on all claims asserted in this action.  (*Id.*)  Plaintiff failed to file a return of service or otherwise advise the Court that Defendant John Doe has been served.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against an unserved defendant unless the plaintiff can show good cause for his failure to serve.  *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992). In this case, there is no indication that Defendant John Doe has been served with the summons and complaint.  Plaintiff has failed to provide good cause for his failure timely to serve the defendant.  Plaintiff is well outside the 120 day limit for identifying and serving the "John Doe" defendant imposed by Fed. R. Civ. P. 4(m).

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that the claims against Defendant John Doe are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service. It is further

**ORDERED** that judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case, in accordance with this Order and the Order entered on October 10, 2014 (Doc. No. 22). It is further

**ORDERED** that the defendants are awarded their costs to be taxed by the Clerk of Court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. It is further

**ORDERED** that this case is **CLOSED**.

Dated this 2nd day of December, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge